UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK MILLER,<br><br>Plaintiff(s),<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br><br>Defendant(s). | Case No. 2:18-CV-998 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Mark Miller's motion to remand. (ECF No. 6). Defendant LM General Insurance Company ("LM General") filed a response (ECF No. 8), to which Miller replied (ECF No. 9).

Also before the court is LM General's motion to dismiss (ECF No. 4). Miller did not file a response and the time to do so has passed.

Also before the court is LM General's motion for summary judgment. (ECF No. 10).

**I.  Facts**

This action arises from Miller's automobile insurance claim against his insurer, LM General. (ECF No. 1-1). Miller alleges that on April 27, 2014, he was driving his car in a private parking garage when an uninsured motorist collided into the left front of his vehicle. *Id*.

Miller further alleges that at the time of the collision he had an automobile insurance policy with LM General, which provided uninsured/underinsured motorist insurance coverage. *Id*. Miller claims to have demanded from LM General the $300,000.00 policy limit in order to cover the damages that he incurred as a result of the collision. *Id*. LM General allegedly conducted an evaluation of Miller's demand and provided an offer that was below Miller's claimed damages. *Id*.

On April 3, 2018, Miller initiated this action in state court, alleging two causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. *Id.* On June 1, 2018, LM General removed this action to federal court. (ECF No. 1).

Now, Miller moves to remand this case to state court. (ECF No. 6). In addition, LM General has filed a motion to dismiss and a motion for summary judgment. (ECF Nos. 4, 10).

**II.      Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

**III.     Discussion**

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good

faith.'" *Ibarra v. Manheim Invests., Inc.* 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). At the time of removal, parties may submit supplemental evidence to show that the amount in controversy is in excess of $75,000.00. *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Miller alleges that he incurred total damages in excess of $15,000.00, which includes $4,998.00 in medical bills. (ECF Nos. 1-1, 6). Moreover, LM General's petition for removal does not include any additional evidence regarding the extent of Miller's alleged damages. *See* (ECF No. 1). As the figures in the state court complaint and Miller's motion to remand are well below the amount in controversy threshold under 18 U.S.C. § 1332, the court will remand this case to state court for lack of subject matter jurisdiction.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Miller's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that LM General's motion to dismiss (ECF No. 4) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that LM General's motion for summary judgment (ECF No. 10) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the matter of *Miller v. LM General Insurance Company*, case number 2:18-cv-00998-JCM-VCF, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED January 8, 2019.

_____
UNITED STATES DISTRICT JUDGE